IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02192-BNB

DOSSIE L. HOWARD III,

Plaintiff,

v.

DENVER COUNTY JAIL, and
UNKNOWN OFFICER, Denver Sheriff's Dept.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Dossie L. Howard, III, is incarcerated at the Denver County Jail. Mr. Howard initiated this action by filing *pro se* a "Motion for Forma Pauperis & Affidavit of Indigency" on August 26, 2010. He filed a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 on September 23, 2010. Mr. Howard has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Howard is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Howard will be ordered to file an amended complaint.

Mr. Howard alleges that an unidentified Denver sheriff's deputy assaulted him physically by slamming him to the floor "head first," while several other sheriff's deputies

stood by and watched. Compl., at 3. Plaintiff further complains that he has been denied access to adequate legal materials at the Denver County Jail. *Id.* at 4. Mr. Howard seeks monetary relief against the Defendants.

The Denver County Jail is not a proper party to this action. The Jail is not an entity separate from Denver County ("Denver") and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Accordingly, Mr. Howard's claims against the Denver County Jail will be construed as claims against Denver.

Municipalities and counties such as Denver are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Howard cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Howard also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Howard must show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

2

There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010).

Mr. Howard is advised generally that in order to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Howard may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Howard uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Howard, therefore, will be directed to file an amended complaint that sues proper parties and alleges specific facts that demonstrate how each named defendant is responsible for a violation of his constitutional rights. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Dossie

L. Howard, III, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Howard, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if Mr. Howard fails to file an amended complaint that complies with this order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED October 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02192-BNB

Dossie L. Howard III
Prisoner No. 241564
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: /s/
      Deputy Clerk