IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02192-BNB

DOSSIE L. HOWARD III,

    Plaintiff,

v.

DENVER SHERIFF SILVA OR "JOHN DOE,",
DENVER SHERIFF STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2010

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Dossie L. Howard, III, is incarcerated at the Denver County Jail. Mr. Howard initiated this action by filing *pro se* a "Motion for Forma Pauperis & Affidavit of Indigency" on August 26, 2010. He filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 on September 23, 2010. Mr. Howard has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an October 22, 2010 Order, the Court directed Mr. Howard to file an Amended Complaint that complied with certain directives set forth in that Order. Plaintiff filed an Amended Complaint on November 17, 2010.

The Court must construe the Amended Complaint liberally because Mr. Howard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Howard will be ordered to file a second amended complaint.

Mr. Howard purports to assert two claims for relief under 42 U.S.C. § 1983: (1) an unknown Denver Sheriff's deputy (or Defendant Denver Sheriff Silva) assaulted him without provocation; and, (2) there are no legal materials available to inmates at the Denver County jail. Mr. Howard seeks monetary relief against the Defendants.

The Court notes initially that Plaintiff's Amended Complaint does not include as many factual allegations as his original Complaint. The Court's purpose in directing Mr. Howard to file an Amended Complaint was to have Plaintiff state all of the facts known to him which establish that the Defendants violated the Plaintiff's constitutional rights. In other words, Plaintiff should not omit facts that are relevant to his claims. Furthermore, Plaintiff filed a letter with the Court on November 7, 2010, which states additional facts in support of his claims for relief. However, the Court does not construe piecemeal filings together. Plaintiff is also reminded that an amended complaint supersedes the original complaint "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). Accordingly, Mr. Howard will be directed to file a second amended complaint that includes all of the factual allegations in the original Complaint, the Amended Complaint, and the November 7, 2010 letter, as well as any other facts that support Plaintiff's claims for relief against the Defendants.

Mr. Howard is further reminded that in the second amended complaint, he must allege specific facts to show that each defendant personally participated in a violation of his constitutional rights. In order to state a claim in federal court, Mr. Howard "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation by the defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must therefore show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Mr. Howard's claims against the Denver Sheriff Department will be construed as claims against Denver because the Sheriff Department is not a proper party to this § 1983 action. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). To establish liability against Denver, Mr. Howard must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v.*

*Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities and counties such as Denver are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Finally, Mr. Howard may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Howard uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Howard, therefore, will be directed to file a second amended complaint that includes **all** of his factual allegations that support his two claims for relief, and alleges how each defendant is responsible for violation(s) of his constitutional rights. Mr. Howard is not required to bring his claims in two separate civil actions. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Dossie L. Howard, III, file a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Howard, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting second amended complaint. It is

FURTHER ORDERED that if Mr. Howard fails to file a second amended complaint that complies with this order within the time allowed, the Complaint and the

action will be dismissed without further notice.

DATED November 18, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-02192-BNB

Dossie L. Howard III
Prisoner No. 2010-039139
Denver County Jail
P.O. Box 1108
Denver, CO 80201

   I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 11/18/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk